In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael J. HICKS, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Michael J. HICKS,
Respondent.

Supreme Court

*No. 2011AP2448–D.—Decided February 10, 2012.*

2012 WI 11

(Also reported in 809 N.W.2d 33.)

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Michael J. Hicks, regarding Attorney Hicks' professional misconduct in the handling of three client matters. The OLR and Attorney Hicks stipulate that Attorney Hicks committed professional misconduct in his handling of the matters and that he should be publicly reprimanded for his misconduct. The OLR is not seeking costs. Upon careful consideration, we adopt the stipulated facts and impose a public reprimand.

¶ 2. Attorney Hicks was admitted to practice law in Wisconsin in 1984 and practices in Milwaukee. He has no prior disciplinary history.

¶ 3. In May 2008 Attorney Hicks was appointed by the State Public Defender's office (SPD) to represent C.B. in postconviction and appellate proceedings. Attorney Hicks received transcripts from parts of C.B.'s case in July 2008 but took no action on the case and did not contact C.B. Beginning in October 2008, C.B. complained to the SPD that he had not heard anything from Attorney Hicks. The SPD sent a number of letters to Attorney Hicks asking for a response. Attorney Hicks failed to respond.

¶ 4. In June 2009 C.B. filed a grievance against Attorney Hicks with the OLR. In July 2009 the SPD filed a grievance with the OLR regarding Attorney Hicks' handling of C.B.'s case. Attorney Hicks failed to respond to the OLR's requests for responses to the two grievances. After this court issued an order to show cause in January 2010, Attorney Hicks finally responded to the OLR.

¶ 5. On October 21, 2011, the OLR filed a complaint alleging that Attorney Hicks engaged in three counts of misconduct with respect to his handling of C.B.'s case:

[Count I] By failing to timely pursue [C.B.'s] post-conviction or appellate interests in [C.B.'s case], or to timely close the case, file a no-merit report or withdraw from the case so that [C.B.] could represent himself or hire counsel, [Attorney] Hicks violated SCR 20:1.3.[1]

[Count II] By failing to communicate in any way with [C.B.] between May 28, 2008 and July 2, 2009, [Attorney] Hicks violated SCR 20:1.4(a)(2), (3) and (4)[2] and SCR 20:1.4(b).[3]

[Count III] By failing to timely file a response to grievances filed by [C.B.] and [the SPD], and doing so only after OLR obtained an order to show cause, [Attorney] Hicks violated SCR 22.03(2) and (6)[4]

---

[1] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCRs 20:1.4(a)(2), (3), and (4) state as follows:

A lawyer shall:

. . .

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests by the client for information; . . . .

[3] SCR 20:1.4(b) states "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[4] SCRs 22.03(2) and (6) provide as follows:

via SCR 20:8.4(h).[5]

¶ 6. The second client matter detailed in the OLR's complaint involved Attorney Hicks' representation of K.K. Attorney Hicks was appointed by the SPD to represent K.K. in appealing his convictions in May 2008. Attorney Hicks took no action on K.K.'s case, nor did he contact K.K. K.K. complained to the SPD that he had not heard from Attorney Hicks. The SPD wrote to Attorney Hicks directing him to respond to K.K.'s letter. Attorney Hicks failed to respond to the SPD.

¶ 7. The SPD filed a grievance with the OLR in July 2009. The OLR notified Attorney Hicks of the investigation and requested a response. Attorney Hicks failed to respond. This court issued an order to show

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[5] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

cause in January 2010. Attorney Hicks responded saying he did not dispute the grievance.

¶ 8. The OLR's complaint alleged the following counts of misconduct with respect to Attorney Hicks' representation of K.K.:

> [Count IV] By failing to timely pursue [K.K.'s] postconviction or appellate interests in [K.K.'s case], or to timely close the case, file a no-merit report or withdraw from the case so that [K.K.] could represent himself or hire counsel, [Attorney] Hicks violated SCR 20:1.3.

> [Count V] By failing to communicate in any way with [K.K.] between May 29, 2008 and July 1, 2009, [Attorney] Hicks violated SCR 20:1.4(a)(2), (3) and (4) and SCR 20:1.4(b).

> [Count VI] By failing to timely file a response to [the SPD's] grievance, and doing so only after OLR obtained an order to show cause, [Attorney] Hicks violated SCR 22.03(2) and (6) via SCR 20:8.4(h).

¶ 9. The final client matter detailed in the OLR's complaint involved Attorney Hicks' representation of C.S. in postconviction and appellate proceedings. The SPD appointed Attorney Hicks to represent C.S. in October of 2007. C.S. wrote to Attorney Hicks in December of 2007 asking that he take certain actions in the case. Attorney Hicks never responded to C.S., nor did he take any of the actions C.S. requested. C.S. complained to the SPD that he had not heard from Attorney Hicks. The SPD sent a letter to Attorney Hicks asking that he respond to C.S. Attorney Hicks failed to respond.

¶ 10. C.S. filed a grievance against Attorney Hicks in July 2009. The OLR notified Attorney Hicks of its investigation of the C.S. grievance and requested certain information and documents. Attorney Hicks failed to

respond. This court issued an order to show cause in January 2010. Attorney Hicks responded by saying he did not dispute the grievance.

¶ 11.   The OLR's complaint alleged the following counts of misconduct with respect to Attorney Hicks' representation of C.S.:

> [Count VII] By failing to timely pursue [C.S.'s] postconviction or appellate interests in [C.S.'s case], or to timely close the case, file a no-merit report or withdraw from the case so that [C.S.] could represent himself or hire counsel, [Attorney] Hicks violated SCR 20:1.3.

> [Count VIII] By failing to adequately communicate with [C.S.] during the course of the representation, [Attorney] Hicks violated SCR 20:1.4(a)(2), (3) and (4) and SCR 20:1.4(b).

> [Count IX] By failing to timely file a response to [C.S.'s] grievance, and doing so only after OLR obtained an order to show cause, [Attorney] Hicks violated SCR 22.03(2) and (6) via SCR 20:8.4(h).

¶ 12.   On November 14, 2011, the OLR and Attorney Hicks filed a stipulation whereby Attorney Hicks stipulated to the allegations contained in the OLR's complaint. The stipulation states that Attorney Hicks fully understands the misconduct allegations and the ramifications should the court impose the stipulated level of discipline. The stipulation also provides that Attorney Hicks understands his right to contest the matter and understands his right to consult with counsel, and that his entry into the stipulation was made knowingly and voluntarily and without the benefit of any negotiations for a reduction in either charges or sanctions.

¶ 13.   The OLR filed a memorandum in support of the stipulation which states that in formulating the

recommendation for a public reprimand, the OLR director considered a number of similar cases, including Public Reprimand of Jane Krueger Smith, 2006-5, Public Reprimand of Michael J. Masnica, 1999-7, and Private Reprimand 2006-1.

¶ 14. After careful review of the matter, we adopt the stipulated facts and find it appropriate to impose a public reprimand. We note that the public reprimand of Jane Krueger Smith involved facts very similar to those at issue here. Like Attorney Hicks, Attorney Smith was appointed by the SPD to represent three criminal defendants in postconviction matters and she took little or no action in any of those cases, failed to respond to repeated client inquiries, failed to respond to inquiries from the SPD, and failed to cooperate with the OLR's investigation into the grievances until this court ordered a temporary suspension of her law license. We find it appropriate to impose similar discipline here. Finally, because Attorney Hicks entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶ 15. IT IS ORDERED that Michael J. Hicks is publicly reprimanded for professional misconduct.