# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2818-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael J. Hicks, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>      Complainant,<br>   v.<br>Michael J. Hicks,<br>      Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST HICKS

| | |
|---|---|
| OPINION FILED: | April 29, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2016 WI 31**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2818-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael J. Hicks, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**Michael J. Hicks,**

       **Respondent.**

**FILED**

**APR 29, 2016**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1    PER CURIAM. We review the report of the referee, Attorney James J. Winiarski. Based on the change of Attorney Michael J. Hicks' answer to a no contest plea pursuant to SCR 22.14(2), the referee concluded that Attorney Hicks had committed each of the 19 counts of professional misconduct alleged in the complaint filed by the Office of Lawyer Regulation (OLR). Referee Winiarski recommends that the court

suspend the license of Attorney Michael J. Hicks for a period of one year consecutive to the two-year suspension imposed in Case No. 2014AP7-D, In re Disciplinary Proceedings Against Hicks, 2016 WI 9, 366 Wis. 2d 512, 875 N.W.2d 117 (Hicks II), and that the court order Attorney Hicks to pay the full costs of this disciplinary proceeding, which were $2,717.14 as of October 14, 2015.

¶2 Because no appeal from the referee's report has been filed, we proceed with our review of this matter pursuant to SCR 22.17(2).[1] After completing our review, we agree with the referee that the allegations of the OLR's complaint, which Attorney Hicks now does not contest, establish that he committed 19 counts of professional misconduct. While many of the acts that form the basis for this complaint also occurred during the time span at issue in Hicks II, we further agree that Attorney Hicks' license should be suspended for an additional period of one year, subsequent to the suspension imposed in Hicks II. We do not impose any restitution obligation on Attorney Hicks, but we do require him to pay the full costs of this disciplinary proceeding.

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

¶3 Attorney Hicks was admitted to the practice of law in this state in June 1984. He most recently practiced in West Allis.

¶4 Attorney Hicks has been the subject of professional discipline on two previous occasions. In 2012 this court publicly reprimanded him based on his stipulation that he had committed nine counts of professional misconduct arising out of three client representations. In re Disciplinary Proceedings Against Hicks, 2012 WI 11, 338 Wis. 2d 558, 809 N.W.2d 33 (Hicks I). For each representation, Attorney Hicks stipulated that he had failed to act with reasonable diligence or promptness, in violation of Supreme Court Rule (SCR) 20:1.3, that he had failed to communicate adequately with the client, in violation of SCR 20:1.4(a)(2), (3) and (4) and SCR 20:1.4(b), and that he had failed to provide a timely response to the grievance filed with the OLR, in violation of SCR 22.03(2) and (6), which are enforced via SCR 20:8.4(h).

¶5 In February 2016 this court suspended Attorney Hicks' license to practice law in Wisconsin for a period of two years, effective March 18, 2016. Hicks II, 366 Wis. 2d 512, ¶62. In that proceeding, Attorney Hicks was again found to have committed four counts of failing to act with reasonable diligence or promptness, five counts of failing to communicate adequately with his clients, and 12 counts of failing to submit timely written responses to OLR grievance investigations. In addition, he was found to have failed on multiple occasions to notify his clients, opposing counsel, or the relevant courts of

the two temporary suspensions of his license. Indeed, Attorney Hicks was found to have appeared in court on at least 12 occasions despite the temporary suspensions of his license. He also was found to have submitted false affidavits to the OLR regarding his compliance with rules regarding his temporary suspensions. The general time frame for the actions underlying these violations was from mid-2011 through 2013.

¶6 The OLR commenced this disciplinary proceeding by filing a complaint alleging 19 counts of professional misconduct. Attorney Hicks initially filed an answer in which he denied 53 out of 72 numbered paragraphs of the OLR's complaint and all of the allegations of professional misconduct. He alleged as affirmative defenses that he had experienced symptoms from significant health problems in 2012 and 2013 and that he had also experienced a heavy caseload from late 2011 through early 2013, including a substantial number of cases where he was successor counsel to one or more prior attorneys and had difficulties establishing and continuing attorney/client relationships and in defending the clients against pending criminal charges.

¶7 Attorney Hicks subsequently withdrew his answer and filed a written plea of no contest to all of the counts alleged in the OLR's complaint. He agreed that the referee could use the facts stated in the complaint as a basis to determine violations of the Rules of Professional Conduct for Attorneys.

¶8 In Hicks II we described the general pattern of Attorney Hicks' misconduct. Hicks II, 366 Wis. 2d 512, ¶12.

4

Attorney Hicks focused his practice primarily on representing indigent defendants in criminal cases through appointments either by the Office of the State Public Defender (SPD) or the court in which the case was pending. After acknowledging the appointment, Attorney Hicks often ignored his clients' requests for information for substantial periods of time and often failed to follow through on necessary actions for the clients' defense. When a grievance was subsequently filed with the OLR, Attorney Hicks either failed to provide any initial response to the OLR or he failed to respond to the OLR's requests for further information.

¶9 At two separate points in time this court temporarily suspended Attorney Hicks' license due to his willful failure to cooperate with the OLR's grievance investigations. See Hicks II, 366 Wis. 2d 512, ¶¶13-14. The first such suspension ran from September 27, 2012, through October 16, 2012. The second temporary suspension ran from February 12, 2013, through March 11, 2013. In each case, after the temporary suspension had been imposed, Attorney Hicks began to cooperate with the OLR and to provide the information and documents the OLR had requested. The OLR then informed the court of Attorney Hicks' cooperation and requested the reinstatement of Attorney Hicks' license to practice law in Wisconsin, which this court granted.

¶10 The first seven counts in this proceeding relate to Attorney Hicks' representation of client R.A. in two criminal cases. During these representations, Attorney Hicks' license was temporarily suspended twice, as discussed above. Attorney

5

Hicks failed to notify R.A., the court, or opposing counsel of either of the temporary suspensions.

¶11 In one of the cases, Attorney Hicks filed a motion on R.A.'s behalf in September 2012 to withdraw his pleas. The court held an evidentiary hearing on the motion on December 19, 2012. At the conclusion of that hearing, in response to a question from the court, Attorney Hicks responded that he wanted to submit argument on the motion in writing. The court then established a briefing schedule. Attorney Hicks, however, did not file a post-hearing brief on R.A.'s behalf, nor did he inform the court that he would not be doing so. Thus, Attorney Hicks did not make any argument on the motion, either orally or in writing, after the evidentiary hearing. When no brief was filed on R.A.'s behalf, the state eventually filed its own written argument.

¶12 In a series of letters R.A. sent to Attorney Hicks in December 2012 and January 2013, R.A. asked Attorney Hicks about matters concerning the expected post-hearing brief. He also expressed concern that Attorney Hicks had not been in contact with him since the December 19, 2012 evidentiary hearing and that he had failed to respond to either R.A.'s letters or his parents' efforts to prod Attorney Hicks to communicate with R.A. Attorney Hicks did not respond to R.A.'s letters except to provide certain documents to R.A. without any substantive comment. Attorney Hicks did not disclose to R.A. that he had decided not to file a post-hearing brief on the motion.

6

¶13 The circuit court had scheduled a conference for February 8, 2013, at which it expected to issue its ruling on R.A.'s motion. According to electronic docket records, Attorney Hicks did appear on that date, but he did not arrange for R.A. to appear. The court noted that Attorney Hicks had not filed a brief or advised the court that he would not be doing so. The court adjourned the matter until February 26, 2013, and ordered that R.A. be produced in court on that date. It also ordered Attorney Hicks to advise R.A. of the reason why the court had not issued its decision on his motion on that date. Attorney Hicks did send a letter to R.A. advising him of the new date for the court's decision, but did not inform him that Attorney Hicks had decided not to file a post-hearing brief on R.A.'s behalf.

¶14 On February 26, 2013, although he was subject to the second temporary suspension of his license, Attorney Hicks appeared in court for what was scheduled to be the issuance of the court's oral ruling on R.A.'s motion to withdraw his pleas. Because of a communication error, R.A. was not produced for that court date. The matter was therefore continued until April 5, 2013.

¶15 R.A. again sent a letter to Attorney Hicks expressing concern at Attorney Hicks' failure to respond to his letters or to the efforts of his family members to spur communication. Attorney Hicks did not respond and still did not advise R.A. that he had decided not to file any post-hearing brief in support of R.A.'s motion.

7

¶16 Prior to the April 5, 2013 appearance, R.A. wrote to the circuit court and asked for the appointment of new counsel. The court allowed Attorney Hicks to withdraw on that date so that the SPD could appoint new counsel for R.A. The court ruled that successor counsel would be allowed to file a written argument in support of R.A.'s motion to withdraw his pleas.

¶17 In March 2013 R.A. filed a grievance against Attorney Hicks with the OLR. In April 2013 and again in December 2013, the OLR asked Attorney Hicks for a response to R.A.'s grievance, but Attorney Hicks did not respond. Only after the OLR had filed yet another motion for a temporary suspension and this court had issued an order to show cause did Attorney Hicks finally submit a written response to R.A.'s grievance and provide requested documents to the OLR.

¶18 The referee concluded that the allegations in the OLR's complaint concerning R.A. adequately supported the following seven counts of professional misconduct:

> [Count One] By requesting to argue [R.A.'s] motion to withdraw his plea in writing following the evidentiary phase of the hearing on the motion, and then failing to file any written (or oral) argument, [Attorney] Hicks violated SCR 20:1.3.[2]

---

[2] SCR 20:1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

8

[Count Two]  By failing to respond to [R.A.'s] repeated requests for information, [Attorney] Hicks violated SCR 20:1.4(a)(4).[3]

[Count Three]  By failing to provide [R.A.] with a copy of the State's written argument brief and to promptly advise [R.A.] of [Attorney] Hicks' decision not to file a post-hearing argument brief, [Attorney] Hicks violated SCR 20:1.4(a)(2) and (3).[4]

[Count Four]  By failing to provide written notice to [R.A.] of his . . . September 27, 2012 and February 12, 2013 suspensions, [Attorney Hicks] violated SCR 22.26(1)(a) and (b).[5]

[Count Five] By failing to provide written notice of his September 27, 2012 suspension to the court and opposing counsel in [R.A.'s two pending cases] and by failing to provide written notice of his February 23, 2013 suspension to the court and opposing counsel in

---

[3] SCR 20:1.4(a)(4) provides in part:  "A lawyer shall . . . promptly comply with reasonable requests by the client for information . . . ."

[4] SCR 20:1.4(a)(2) and (3) provide:  "A lawyer shall . . . (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter . . . .

[5] Violations of SCR 22.26(1) for failing to provide written notices of suspensions to clients, courts, and opposing counsel are enforced via SCR 20:8.4(f), which provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[one of R.A.'s pending cases], [Attorney] Hicks violated SCR 22.26(1)(c).[6]

[Count Six] By practicing law in Wisconsin at a time when his license to practice law was suspended, including by appearing on behalf of [R.A.] in [one of R.A.'s cases], [Attorney Hicks] violated SCR 22.26(2).[7]

[Count Seven] By failing to timely file a response to [R.A.'s] grievance, [Attorney] Hicks violated SCR 22.03(2) and (6),[8] enforced via SCR 20:8.4(h).[9]

---

[6] SCR 22.26(1)(c) provides: "On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following: . . . (c) Promptly provide written notification to the court or administrative agency and the attorney for each party in a matter pending before a court or administrative agency of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation. The notice shall identify the successor attorney of the attorney's client or, if there is none at the time notice is given, shall state the client's place of residence."

[7] SCR 22.26(2) provides: "An attorney whose license to practice law is suspended or revoked or who is suspended from the practice of law may not engage in this state in the practice of law or in any law work activity customarily done by law students, law clerks, or other paralegal personnel, except that the attorney may engage in law related work in this state for a commercial employer itself not engaged in the practice of law.

Practicing law in violation of a suspension order by this court and this court's rules would also appear to constitute a violation of SCR 20:8.4(f).

[8] SCR 22.03(2) and (6) provide:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may

(continued)

10

¶19 Counts eight through twelve arise out of Attorney Hicks' representation of L.S. during the early stages of his criminal case in the first half of 2013. Less than a month after his appointment to represent L.S., Attorney Hicks' license was temporarily suspended for the second time. He failed to notify L.S., the court, or opposing counsel of the suspension. While his license was suspended, he appeared at a scheduling conference on behalf of L.S.

¶20 Attorney Hicks was removed as counsel for L.S. on May 31, 2013. During the roughly four months of the representation, Attorney Hicks had not communicated with L.S. regarding trial strategy or what Attorney Hicks was doing to prepare for trial.

¶21 Once again, Attorney Hicks did not respond to the OLR's multiple requests for information after L.S. filed a

allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

. . . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[9] SCR 20:8.4(h) provides: "It is professional misconduct for a lawyer to: . . . (h) fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1) . . . .

grievance against him. Only after the OLR filed another motion for a temporary suspension and this court issued an order to show cause did Attorney Hicks finally file a response to L.S.'s grievance.

¶22 On the basis of these facts, the referee concluded that Attorney Hicks had committed the following five counts of misconduct:

> [Count Eight] By failing to consult with [L.S.] regarding trial strategy and preparation prior to his February 12, 2013 suspension or between March 12, 2013 and May 31, 2013, [Attorney] Hicks violated SCR 20:1.4(a)(2).
>
> [Count Nine] By appearing on behalf of [L.S.] in [L.S.'s criminal case] at a time when his license to practice law was suspended, [Attorney] Hicks violated SCR 22.26(2).
>
> [Count Ten] By failing to provide written notice of his February 12, 2013 suspension to [L.S.], [Attorney] Hicks violated SCR 22.26(1)(a) and (b).
>
> [Count Eleven] By failing to provide written notice of his February 12, 2013 suspension to the court and opposing counsel in [L.S.'s criminal case], [Attorney] Hicks violated SCR 22.26(1)(c).
>
> [Count Twelve] By failing to timely file a response to [L.S.'s] grievance, [Attorney] Hicks violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶23 Counts thirteen through seventeen relate to Attorney Hicks' representation of T.C. In December 2012 Attorney Hicks was appointed as successor counsel for T.C. In January 2013 T.C. sent a letter to Attorney Hicks, in which he asked Attorney Hicks to send him a copy of discovery materials received from the state and raised concerns about his case. T.C. sent two

more such letters to Attorney Hicks over the next approximately seven months. Attorney Hicks sent T.C. two letters about the rescheduling of T.C.'s trial, but did not communicate with T.C. about the matters raised in his letters, did not discuss his preparation or strategy for trial, and did not provide a copy of the requested discovery.

¶24 At a meeting with Attorney Hicks on August 18, 2013, T.C. repeated his request for a copy of the discovery materials and raised a number of questions about his case. Attorney Hicks promised T.C. that they would meet again prior to the trial to discuss T.C.'s defense. Over the following two months, however, Attorney Hicks did not provide T.C. with the requested discovery nor did he communicate with T.C. regarding his trial preparation and strategy.

¶25 On October 21, 2013, pursuant to Attorney Hicks' advice to accept a plea agreement he had negotiated with the prosecutor, T.C. pled guilty to the pending charges. After entering the plea, however, T.C. began pursuing the withdrawal of his plea. On January 23, 2014, Attorney Hicks was allowed to withdraw as T.C.'s counsel.

¶26 During the time that Attorney Hicks represented T.C., his license to practice law was suspended for the second time. Attorney Hicks, however, did not notify T.C., the court, or opposing counsel of the suspension.

¶27 As had occurred in the other matters, Attorney Hicks initially did not provide all of the documents and information requested by the OLR, although in this instance he did provide

13

some documents. Ultimately, Attorney Hicks filed the response sought by the OLR after the OLR had moved for another temporary suspension and this court had issued an order to show cause.

¶28 On the basis of these facts, the referee concluded that there was a sufficient basis to support five counts of misconduct:

[Count Thirteen] By failing between the date on which he received [T.C.'s] letter in January 2013 and February 12, 2013, between March 11, 2013 and August 16, 2013, and between August 18, 2013 and October 20, 2013, to communicate with [T.C.] regarding the issues raised in [T.C.'s] January 2013 letter and to otherwise consult with [T.C.] regarding trial strategy and preparation, thereby preventing [T.C.] from adequately understanding and participating in his own defense, [Attorney] Hicks violated SCR 20:1.4(a)(2).

[Count Fourteen] By failing to timely provide [T.C.] with a complete copy of the discovery materials, despite [T.C.'s] requests, [Attorney] Hicks violated SCR 20:1.4(a)(4).

[Count Fifteen] By failing to provide a written notice to [T.C.] of his February 12, 2013 suspension, [Attorney] Hicks violated SCR 22.26(1)(a) and (b).

[Count Sixteen] By failing to provide written notice to the court and opposing counsel in [T.C.'s pending criminal case] that his license to practice law had been suspended on February 12, 2013, [Attorney] Hicks violated SCR 22.26(1)(c).

[Count Seventeen] By failing to timely file a response to [T.C.'s] grievance, [Attorney] Hicks violated SCR 22.03(2) and (6), enforced via SCR 20:8.4(h).

¶29 The last two counts alleged in the OLR's complaint arise from Attorney Hicks' appointment to represent R.G. in a criminal case. By the time of Attorney Hicks' appointment in

14

August 2012, R.G. had been found guilty of three felonies in a jury trial. During the time Attorney Hicks represented R.G., his license was temporarily suspended for the first time, but he failed to provide the required notices.

¶30 The referee concluded that Attorney Hicks had engaged in the following two counts of misconduct:

[Count Eighteen] By failing to provide written notice of his September 27, 2012 suspension to [R.G.], [Attorney] Hicks violated SCR 22.26(1)(a) and (b).

[Count Nineteen] By failing to provide written notice of his September 27, 2012 suspension to the court and opposing counsel in [R.G.'s pending criminal case], [Attorney] Hicks violated SCR 22.26(1)(c).

¶31 After Attorney Hicks filed his plea of no contest to the factual allegations and claims of professional misconduct summarized above, the referee held a hearing at which the OLR and Attorney Hicks were offered the opportunity to submit evidence and argument regarding the appropriate sanction, including evidence and argument regarding mitigating and aggravating factors.

¶32 In his report, the referee noted that in Hicks II, Attorney Hicks had offered little explanation for his misconduct. He had essentially claimed that his caseload had been the cause for not communicating with his clients and for failing to provide timely responses to the OLR's investigations of the grievances filed against him.

¶33 The referee further stated that in the present case, Attorney Hicks had provided little additional argument to explain his actions. He did, however, point to the affirmative

15

defenses in his initial answer to the complaint, where he had alleged that during 2012 and early 2013, he had been suffering from significant health problems. Attorney Hicks asserted that those medical conditions had prevented him from working as many hours as he needed to represent his clients properly. The referee found, however, that aside from his personal testimony at the sanction hearing, Attorney Hicks had not offered any evidence to support his claims that he had suffered severe medical problems and that those conditions had been a cause of his failures to serve his clients properly.

¶34 The referee rejected Attorney Hicks' claim that his medical conditions had prevented him from meeting his ethical obligations to his clients. The referee noted that there was no testimony that Attorney Hicks had been forced to take a leave of absence or had been unavailable in his practice for extended periods of time. On the other hand, there were extended periods of time during these representations when Attorney Hicks had little or no contact with his clients. Further, Attorney Hicks also again claimed in his plea of no contest that he had an overwhelming caseload during the relevant time period. The referee noted that Attorney Hicks had been able to handle many other criminal cases in which there were court hearings. Given that fact, the referee could not accept that Attorney Hicks' medical conditions had actually caused the lapses in diligence and communication for the four clients whose cases were the subjects of this proceeding.

¶35 The referee also pointed to the disturbing patterns he had discussed in his report in Hicks II. 366 Wis. 2d 512, ¶¶53-55. Those patterns include largely ignoring clients after being appointed to represent them, failing to keep his clients reasonably informed about their cases, and failing to appreciate the need to respond to grievances filed against him.

¶36 The referee recognized that the misconduct at issue in the present case occurred in roughly the same time period and was of the same types as the misconduct at issue in Hicks II. He therefore questioned whether the OLR in Hicks II would have sought a suspension longer than two years if all of the misconduct in this case had been included in that case. Ultimately, he concluded that the additional 19 counts of misconduct at issue here merited an additional one-year period of suspension consecutive to the two-year suspension imposed in Hicks II. He determined that if the OLR had "charged Attorney Hicks with all of the counts in a single disciplinary complaint, a three year suspension would have been reasonable and appropriate." The referee also determined that the misconduct found in this disciplinary proceeding, when considered by itself, merited a one-year suspension. The referee indicated that he believed a one-year suspension was justified by the analyses set forth in two cases involving Attorney Patrick Cooper. In re Disciplinary Proceedings Against Cooper, 2007 WI 37, 300 Wis. 2d 61, 729 N.W.2d 206 (imposing three-year suspension due to 35 counts of misconduct); In re Disciplinary Proceedings Against Cooper, 2013 WI 55, 348 Wis. 2d 266, 833

17

N.W.2d 88 (imposing two-year suspension, retroactive to and consecutive to the expiration of the 2007 suspension as a result of 42 counts of misconduct). The referee considered Attorney Hicks' misconduct to be less egregious than Attorney Cooper's misconduct, which would support a consecutive one-year suspension in this case.

¶37 The OLR did not request, and the referee did not recommend, that the court require Attorney Hicks to pay restitution to anyone as a result of his misconduct in this case. The referee did recommend that the court impose the full costs of this proceeding on Attorney Hicks, noting that there did not appear to be any reason to depart from the court's general practice of imposing full costs on attorneys found to have committed misconduct.

¶38 When we review a referee's report and recommendation in an attorney disciplinary case, we affirm the referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶39 Given Attorney Hicks' no contest plea, we accept the referee's factual findings as taken from the OLR's complaint.

18

We also agree with the referee that those factual findings are sufficient to support a legal conclusion that Attorney Hicks engaged in the professional misconduct set forth in the 19 counts described above.

¶40 The primary issue in this matter is what is the appropriate level of discipline for the misconduct found in this case and whether that discipline should be imposed concurrent with or consecutive to the two-year suspension imposed in Hicks II.

¶41 We confronted a similar issue regarding the timing of discipline in In re Disciplinary Proceedings Against Osicka, 2014 WI 34, 353 Wis. 2d 675, 847 N.W.2d 333 (Osicka V). The issue of whether the 60-day suspension recommended in that case should be concurrent with or consecutive to another 60-day suspension arose because the misconduct at issue (three counts stemming from one representation and subsequent investigation) occurred during the same time period that other misconduct occurred, which was the subject of a separate disciplinary proceeding, In re Disciplinary Proceeding Against Osicka, 2014 WI 33, 353 Wis. 2d 656, 847 N.W.2d 343 (Osicka IV). In other words, all of the misconduct alleged and found in Osicka V occurred prior to the filing of the complaint in Osicka IV and could have been included in that proceeding. Further, the referee, who handled both disciplinary proceedings, concluded that if the OLR had brought all of the claims of misconduct in a single proceeding, the proper sanction for all of the misconduct would still have been a suspension of 60 days. This court

19

agreed with that conclusion.  Accordingly, the court imposed a 60-day suspension in Osicka V, but made it run concurrently with the 60-day suspension imposed in Osicka IV.

¶42 The present case is different from Osicka V in at least two crucial ways.  Most importantly, the timing of the misconduct and of the filing of the two complaints is different.  The complaint in Hicks II was filed on January 2, 2014, and the complaint in the present case was filed approximately 11 months later in December 2014.  While much of the misconduct found in this case occurred in 2012 and 2013, before the filing of the complaint in Hicks II, some of the misconduct at issue here continued into March 2014, after the filing of the Hicks II complaint.  Specifically, with respect to the investigation of the grievances involving R.A., L.S., and T.C., the OLR was still attempting to obtain information from Attorney Hicks in January and February 2014.[10]  Indeed, letters requesting responses regarding those grievances were served on Attorney Hicks on January 24, 2014.  When Attorney Hicks still did not respond, the OLR moved this court for a temporary suspension of Attorney Hicks' license on February 24, 2012.  This court then issued an order to show cause.  Attorney Hicks' failure to cooperate with

---

[10] The only counts relating to Attorney Hicks' representation of R.G. involved Attorney Hicks' failure to provide notice of his September 27, 2012 temporary suspension. Thus, it is true that those counts were complete well before the January 2, 2014 filing of the complaint in Hicks II and could have been included in that complaint.

20

each of those three investigations, which was continuing misconduct, did not end until the latter part of March 2014, nearly three months after the OLR filed its complaint in Hicks II. Thus, while it would have been possible for the OLR to have waited a few more months so that it could have included all of the counts of misconduct in one proceeding, it did not know in January 2014 when or if Attorney Hicks would provide responses to those grievances and whether any such responses might impact which claims of misconduct it would then pursue in a formal complaint. Unlike the proceedings involving Attorney Osicka, this is not a situation where all of the misconduct was over prior to the filing of the first complaint.

¶43 In addition, the nature and extent of the misconduct in this case is different from the misconduct found in Osicka V. In Osicka V, the OLR alleged, and the referee found, that Attorney Osicka had engaged in three counts of misconduct arising out of a single misrepresentation. Those three counts were similar in nature and degree to the four counts of misconduct alleged in Osicka IV. By contrast, in the present case there are an additional 14 counts of misconduct relating to the representations of four additional clients. We conclude that the addition of these facts and counts of misconduct would have changed the nature of Hicks II and would have called for a suspension greater than two years.

¶44 In Hicks II, we cited In re Disciplinary Proceedings Against Lucius, 2008 WI 12, 307 Wis. 2d 255, 744 N.W.2d 605, as support for the two-year suspension we imposed on Attorney

21

Hicks. While the nature of some of the misconduct was similar (lack of diligence and failure to communicate), Lucius involved 10 counts of misconduct arising out of six client representations. Hicks II involved findings of misconduct on 35 counts arising out of 12 client representations. This demonstrates that each disciplinary proceeding must be considered on its own facts and that there are no perfect matches in terms of discipline between disciplinary proceedings.

¶45 Adding another 14 counts of misconduct and another four clients, however, takes reliance on Lucius for a two-year suspension beyond the breaking point. We conclude that if all 49 counts of misconduct would have been alleged in a single case, the level of discipline would have been greater than the two-year suspension we imposed in Hicks II.

¶46 Given that the nature of the misconduct in this proceeding is similar, but that the number of clients involved is less than in either Hicks II or Lucius, we conclude that an additional one-year suspension is an appropriate level of discipline to impose in this case. We make that one-year suspension consecutive to the two-year suspension imposed in Hicks II.

¶47 As was the case in Hicks II, we do not impose any restitution obligation on Attorney Hicks. The OLR has not sought restitution with respect to any of Attorney Hicks' clients. See SCR 21.16(1m)(em) and (2m)(a)1 (the court may impose restitution in instances of misappropriation or misapplication of funds).

22

¶48 Finally, we turn to the issue of costs. The OLR requested $2,717.14 in costs, and the referee recommended that the court follow its usual practice in requiring Attorney Hicks to pay the full amount of costs. We agree that Attorney Hicks should bear the full costs of this disciplinary proceeding. While he did ultimately enter a plea of no contest with respect to the 19 counts of misconduct, his initial answer denied most of the substantive allegations in the OLR's complaint, requiring the litigation of this matter for at least a period of time. In addition, even once he entered a no contest plea, there still remained the matter of the proper level of discipline, which required a short hearing before the referee and the preparation of a referee's report. Finally, Attorney Hicks has not objected to the amount of costs requested by the OLR.

¶49 IT IS ORDERED that the license of Michael J. Hicks to practice law in Wisconsin is suspended for a period of one year, effective March 18, 2018, consecutive to the two-year suspension imposed in Hicks II, 366 Wis. 2d 512, ¶62.

¶50 IT IS FURTHER ORDERED that Michael J. Hicks shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶51 IT IS FURTHER ORDERED that within 60 days of the date of this order, Michael J. Hicks shall pay to the Office of Lawyer Regulation the costs of this proceeding.

23

¶52 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. <u>See</u> SCR 22.29(4)(c).